The Collins Manufacturing Company *v.* Marcy.

---

THE COLLINS MANUFACTURING COMPANY *vs.* MARCY.

A condition in a deed that "in case any ardent spirits, cordials or wines shall be kept or sóld on any part of the premises, or in any building erected or to be erected thereon, the deed shall become void and of no effect," is valid in law.

And in such case, the open and public sale of such articles by a tenant of the grantee on the premises, with the assent of the grantee or with his knowledge and without reasonable diligence on his part to prevent it, will work a forfeiture of the estate.

But an authorized sale by a third person, where the grantee is chargeable with no fault or negligence, will not work such forfeiture.

And the question of the grantee's knowledge of such sales, and of his negligence or diligence in relation thereto, is wholly one of fact, on which any evidence ordinarily applicable to such a question is admissible.

Where, in an action of disseisin brought by the grantor against the grantee, to recover premises held under a deed containing such a condition, and claimed to be forfeited for a violation thereof, it appeared that the person who made such prohibited sales, held under a lease from the defendant, and that the lease contained an agreement on the part of the lessee that he would not sell

The Collins Manufacturing Company *v.* Marcy.

any article, the sale of which would injure the defendant's title, but contained no condition that the lease should be rendered void by such sale, and it further appeared that the defendant as soon as he discovered such sales, had in some manner procured the tenant's removal from the premises; it was held, that the defendant was not chargeable by the plaintiffs with negligence for making a lease without such condition, inasmuch as the plaintiffs had suffered no injury thereby.

This was an action of disseisin, brought to recover possession of a certain parcel of land, situated in Collinsville, in the town of Canton.

The cause was tried at Hartford, before the superior court, at the October term, 1855.

Upon the trial, the plaintiffs claimed to recover upon the ground of an alledged violation of the condition of their deed bearing date December 6, 1844, conveying the demanded premises to Emerson Moody, from whom the defendant derived title.

The condition was as follows : " Provided always, and this deed is upon condition, that in case any ardent spirits, cordials or wines, shall be kept or sold on any part of said premises, or in any building erected, or to be erected thereon unless it be with other drugs and medicines, and sold in similar quantities, and in cases of sickness only, then, and in that case, the deed shall become void and of no effect."

The plaintiffs introduced evidence to prove that one Barber occupied three rooms in the basement of the building on the premises, for more than a year commencing in the winter of 1851–2, that the defendant occupied the rooms above, and that Barber, while he so occupied, held under the defendant, paying him rent, and was in the habit of selling spirituous liquors openly and publicly, both to be drunk on the premises and to be carried away; and that in the spring of the year 1852, the plaintiffs' clerk informed the defendant that he had reason to believe that spirituous liquors were kept and sold on the premises, in violation of the condition of the deed.

The defendant on his part, denied that there had been any violation of the condition of the deed, and introduced evidence to prove that he had never suffered or permitted any liquors to be kept or sold on the premises; that if any had

been kept or sold by Barber, it was done secretly and without his knowledge; that he had carefully examined the premises of Barber, and could find nothing to justify a suspicion that any liquors had been sold thereon; that he believed, and had good reason to believe, that the suspicions against Barber were entirely unfounded, and that as soon as he had reason to suspect that Barber had sold liquors, he caused him to quit the premises.

And for the purpose of showing that he acted in good faith, and intended that no spirituous liquors should be sold on the premises by Barber, he offered in evidence his lease to him, in which Barber agreed that he would not sell any article which would injure the defendant's title; and also testimony to prove that at the time of the execution of the lease and previously, he explained to Barber the condition of the deed, and enjoined upon him the observance of it; that while Barber was in the occupancy, he went upon the premises and enquired of him as to any sales of liquor, and was informed by him that the condition of the deed had not been violated; and that he offered to allow Barber to occupy the premises rent free, if he would discontinue the sale of cider and ale.

To the admission of this testimony the plaintiffs objected, but the court overruled the objection, and admitted the evidence.

The plaintiffs requested the court to instruct the jury, that if the sales and keeping of intoxicating liquors on the premises were of such a character, and the defendant was so situated that by the exercise of ordinary diligence he might have had knowledge thereof, he was to be regarded as having actual knowledge; and that the notice given by the plaintiffs' clerk was such notice as the law requires.

The court charged the jury, that the condition of the deed was valid in law, and if the same had been violated, the plaintiffs were entitled to recover; but that the mere fact of the keeping or sale of spirituous liquors, wines or cordials, on the premises, was not necessarily a breach of the condition, and that a forfeiture would not be incurred by such keeping or

The Collins Manufacturing Company *v.* Marcy.

sale, unless some fault or negligence was imputable to the defendant in regard to it ; that the defendant was bound to act with reasonable diligence, and in good faith, and if he did so act, he would not lose his estate by the unauthorized act of another ; and that the principal attention of the jury would therefore be directed to the question whether the defendant had exercised faithfully a reasonable diligence in keeping the condition of the deed. The court did not instruct the jury, in the form requested by the plaintiffs but did commend to their consideration, as having an important bearing on the question submitted to them, the plaintiffs' claim, that the sales and keeping of the articles on the premises were of such a character, and the defendant was so situated, that with reasonable diligence he might have knowledge of the sales, and have prevented them. Also the claim, that the defendent was notified by the plaintiffs' clerk, was submitted to the jury, as having an important bearing upon the question.

The jury having returned a verdict in favor of the defendant, the plaintiffs moved for a new trial, and the questions of law were reserved for the advice of this court.

*T. C. and C. E. Perkins,* in support of the motion.

The condition of the deed is that if liquor is sold on the premises, the land shall revert to the company. It is not claimed that a single unauthorized sale by a stranger or tenant would cause a forfeiture, but that it clearly would be caused by the frequent and public sale of liquors.

The object of the company, who employed a great number of workmen, was to prevent entirely the establishment in their village, of any place of resort for procuring liquor, and it made no difference to them whether Marcy sold it, or some one else. They aimed to secure an absolute prevention, and without it their object is wholly defeated. The language of the condition clearly show this, which is not that the grantee shall not sell, but that liquor shall not be sold.

If the parties had meant that the condition should be broken only in case the grantee endeavored not to have peo-

ple sell, would they not have said so? If he has made a certain agreement, will the court make it say something different from what it clearly means?

The rule of construing a deed most strongly against the grantor, will not warrant its being wrested to something which it clearly does not mean, and which would render it of no avail.

The court should therefore have charged the jury as requested by the plaintiffs.

The evidence objected to was clearly irrelevant, since the negotiations and conveyances between Barber and Marcy, did not affect the real question, and could not injuriously affect the company when they were not present.

*Welles* and *Chapman,* contra.

There must be consent or connivance by the grantee, or want of ordinary diligence in him, in order to violate the condition. Liquors might be sold on the premises, when the grantee could not prevent, or did not know it.

The court below charged the jury that the defendant must exercise reasonable diligence and good faith in keeping the condition of the deed, and this was sufficient.

And if this be so, the evidence which tended to show what steps he had taken, to ascertain whether liquors were sold by his tenant, and what measures for prevention, was clearly admissible.

WAITE, C. J. We see nothing erroneous in the ruling of the court below, or in the charge to the jury.

The evidence offered by the defendant, for the purpose of showing the degree of care and diligence exercised by him, in preventing the sale of intoxicating liquors upon the demanded premises, was clearly admissible and proper for the consideration of the jury. The fact that he communicated to Barber when giving him a lease, the condition annexed to his title, and required of him an agreement, that he would do nothing that would injure that title, went to show the precaution which he took to prevent a violation of that condition.

The construction given to the original deed from the plaintiffs, we think, was the correct one. It could not have been the meaning and intention of the parties, that either the grantee or his assigns, should forfeit the estate, in consequence of the unauthorized act of a third person, unless they were chargeable with some fault or negligence.

If a rum-seller, upon some public occasion, should take possession of a vacant lot in a city, holden by a title similar to that of the defendant, and there, without the approbation or knowledge of the owner, continue to sell openly and publicly ardent spirits for a whole day, such unauthorized sale would not work a forfeiture of the estate. Indeed so harsh a construction has not been claimed by the plaintiffs.

But it is said the sale by Barber was open and public, and the defendant was so situated that he must have known it. But this knowledge was denied on the part of the defendant. Whether he actually had that knowledge, was a question of fact for the jury, and their attention was called to the evidence upon that subject, as having an important bearing upon the question submitted to them.

Without doubt the estate of the defendant would have been forfeited, had there been such a sale with his assent, or with his knowledge and without any efforts on his part to prevent it.

Again, it is said that the defendant was notified of the sale by the plaintiffs' clerk, and that was sufficient. But the defendant claimed that immediately upon such notice, he instituted enquiries and discovered no foundation for the charge, and had reason to believe there was none. Whether upon such notice he faithfully exercised reasonable diligence in ascertaining the truth, was also a question of fact for the jury and their attention was likewise called to the evidence upon this subject, as having an important bearing in the case.

Finally it is said, that the defendant was chargeable with negligence in giving a written lease, relying upon the lessee's agreement not to sell spirituous liquors upon the demised premises, without inserting a provision by which the lease should be rendered void upon such sale.

This omission would have been strong evidence of neglect on his part, had he thereby been prevented from putting a stop to such sale by his tenant. But his claim was, that as soon as he discovered that Barber had violated his agreement, he caused him to be removed from the premises, and it does not appear that he experienced any difficulty in effecting such removal, in consequence of any omission in the lease.

The plaintiffs can not complain of any act of the defendant, from which they have suffered no injury.

We see no reason for disturbing the verdict, and therefore do not advise a new trial.

In this opinion, the other judges, STORRS and HINMAN, concurred.

A new trial not granted.