BERGIN REALTY CO. *vs.* EMILIE SCHALLER *et al.*

NOVEMBER 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. In this action of covenant a decision for the defendant was rendered by a justice of the Superior Court sitting without a jury. The case is here on plaintiff's exception to this decision and on several unsubstantial exceptions which were not briefed and which require no consideration.

The declaration alleges that in December, 1928, the defendants, husband and wife, conveyed to plaintiff by a

deed in statutory form with warranty covenants a certain tract of land and the buildings thereon in Warwick; that thereafter in December, 1928, plaintiff mortgaged the premises to a finance corporation which transferred the mortgage to defendants; that in June, 1931, defendants demanded payment of the mortgage debt and that plaintiff was unable to borrow money on another mortgage on this property because of the existence of a condition in its title and as a consequence lost its property by the foreclosure of the first-mentioned mortgage; that plaintiff was not seized and possessed of said premises in fee simple because its predecessors in title, said Schallers, had not the title in fee simple which they purported to convey but only had a title of a conditional fee.

The facts are . as follows: In September, 1905, by a warranty deed which was duly recorded, one Ida Wright conveyed the premises in question—a part of the Cedar Park Plat in Warwick—to Henrietta S. Rossiter, wife of Albin T. Rossiter. The conveyance clause in. said deed contained the provision that: "This deed is made and accepted on the express condition that no intoxicating liquors shall be sold or kept for sale on said premises and upon the express understanding and agreement that failure at any time hereafter to keep said condition inviolate shall cause this deed to be and become void and the said premises shall thereupon revert to this grantor or to her legal representatives"; the words "except said restrictions" were added to the covenant of quiet possession and the warranty against claims and demands.

In February, 1917, the Rossiters by warranty deed duly recorded conveyed the premises to William Kenyon, Jr.; in June, 1924, he conveyed the premises to Emil and Emilie Schaller; December 21, 1928, the Schallers conveyed the premises to the plaintiff by a warranty deed in statutory form. (Chap. 1056, P. L. 1927.) Therein it was stated that: "Said premises are conveyed subject to conditions of record and two mortgages of record." In addition to this

notice of record the attorney for the Schallers informed the president and agent of the plaintiff company of the condition with respect to the sale of liquor before the deed was delivered to and accepted by said company.

Plaintiff's contention is that because of the condition attached to the use of the premises, the Schallers did not have a fee simple estate therein and that, as they gave a deed purporting to convey a title in fee simple, there was an immediate breach of the warranty of title. This contention is without merit.

The law is well settled that a condition in a deed, that no intoxicating liquors shall be sold or kept for sale upon the land conveyed by the deed and further providing that in case of a breach of said condition the deed shall become void and the title shall revert to the grantor or her legal representatives, is not repugnant to the estate granted, nor is it against public policy. Such a condition is a condition subsequent. The title passes to the same extent as if the condition subsequent did not exist, subject, however, to the contingency of being defeated as provided in the condition. Devlin on Real Estate, Vol. 2 (3rd ed.) §§959, 963. To the same effect see *Cowell* v. *Springs Co.*, 100 U. S. 55; *Plumb* v. *Tubbs*, 41 N. Y. Rep. 442; *O'Brien* v. *Wetherell*, 14 Kan. 616; *Doe* v. *Keeling*, Maule & Sel., Vol. 1, p. 95; *Hogeboom* v. *Hall*, 24 Wend. 146; *Gray* v. *Blanchard*, 8 Pick. 284; *Collins Mfg. Co.* v. *Marcy*, 25 Conn. 242; *Spofford* v. *True*, 33 Me. 283; *Randall* v. *Wentworth*, 100 Me. 177.

In the case at bar the fee passed to plaintiff by the deed from defendants, subject to being defeated by the condition subsequent. The plaintiff knew of the condition and accepted the title which defendants had and which they conveyed to it. Plaintiff has failed to sustain its action.

The exceptions of the plaintiff are overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*Daniel A. Colton, John J. Sullivan,* for plaintiff.

*Adolph Gorman,* for defendant.