EDWARD SMITH, JAMES. B. KELLY AND ALFRED A. DWIGHT v. GEORGE BARRIE AND SAMUEL S. MORRIS.

*Deed— Condition subsequent.*

1. A condition defeating a conveyance if the grantee, his heirs or assigns shall sell or permit the sale of liquor on the premises is valid; and this, too, though the sale of liquor is tolerated by the State.

2. Conditions in a deed are void if against public policy; otherwise, though they waive legal rights, they may be enforced subject to the rule that the law favors covenants rather than conditions, and is inclined to a strict construction as against forfeitures. But the construction must not be strained or unreasonable, or one that was plainly not contemplated by the parties. And the party for whose benefit the condition is made waives it by any act which would make its enforcement unjust.

3. A condition which forbids the sale of liquor on premises conveyed is not made "merely nominal" (How. Stat § 5562) by the fact that liquor is sold in the neighborhood, or that there is no proof of its sale to the grantor's servants.

Error to Otsego. (Emerick, J.) Jan. 30.—April 9.

EJECTMENT. Plaintiffs bring error. Reversed.

*Thos. A. E. Weadock* and *Jno. C. Weadock* for appellants.

*A. McDonell* for appellees.

COOLEY, C. J. This case has once before been in this Court, and is reported under the title of *Barrie v. Smith* 47 Mich. 130. The suit is brought to take advantage of the breach of a condition subsequent contained in a deed from the plaintiffs, Smith, Kelly and Dwight to Albert M. Hilton and Hamilton Turner, of lot 5 block 21 of the village of Otsego Lake bearing date June 10, 1879. The condition is as follows:

"Provided always, and this conveyance and the estate in said premises hereby created is subject to the express condition, that if the said parties of the second part, their heirs or assigns, shall at any time sell or keep for sale upon said

above-granted premises, or knowingly permit any person under them to sell or keep for sale, any spirituous or intoxicating liquors, either distilled or fermented, the entire title and estate in and to said premises hereby created shall cease, and the title to said premises shall thereupon at once revert to and vest in the parties of the first part, their heirs or assigns, forever; and it shall then be lawful for the said parties of the first part, their heirs or assigns, to enter upon said premises and said parties of the second part, their heirs or assigns, and every person claiming under him or them, wholly to remove, expel and put out."

The deed was given in performance of an executory contract of sale which had previously existed between the parties, and which contained the same condition. One-half of the lot was subsequently sold to the defendants, and Barrie kept a saloon upon it. The evidence that he had kept for sale and had sold spirituous and intoxicating liquors upon the lot previous to the institution of the suit was abundant.

When the case was before in this Court there was some evidence in the record tending to show a waiver of the breach of condition; but no question of that nature is before us now. The point, however, on which the case before turned was, that the plaintiffs had not shown any substantial interest in the condition. It did not appear that the plaintiffs at the time of the conveyance or since then had owned any other lands in the village or vicinity of Otsego Lake, or that they resided in the village or vicinity, or that they had in any way a special interest in the enforcement of the condition. Under such circumstances it was held that the case was within the statute which provides that " When any conditions annexed to a grant or conveyance of lands are merely nominal, and evince no intention of actual and substantial benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded, and a failure to perform the same shall in no case operate as a forfeiture of the lands conveyed subject thereto." How. Stat. § 5562.

On a new trial the plaintiffs have made a showing of their interest. The plaintiff Smith testified that at the date of the deed they were carrying on lumbering operations at Otsego

Lake to a large extent, running a saw-mill with a capacity of 50,000 feet a day, which continued running through 1880, employing about forty men ; they had also a planing-mill and shingle-mill there at that time, in which were employed twenty or twenty-five men. Otsego Lake was a small village with a population of about 300 ; plaintiffs had a store there employing four men, where they did an annual business of about $75,000. In the winter they employed about two hundred men in the vicinity. Aside from their interests above mentioned the plaintiffs in 1879 had village lots in Otsego Lake worth five or six thousand dollars, and the value of their pine lands in the vicinity was $200,000. The difficulty caused by a saloon in the vicinity is that men cannot be depended upon ; employers do not know whether they will go to work in the morning or not ; they will get drunk. After the giving of the deed in question the property of plaintiffs was put into a corporation of which Smith owned ·a quarter interest. He also had a house and lot in the village. The other plaintiffs parted with their interests except in lots which they had contracted to sell. This was the showing of the interest of plaintiffs in the condition. Their place of residence was Detroit. There was no showing that any person in the service of the plaintiffs had at any time procured intoxicating drinks at the saloon on the lot in question, but Mr. Manning, who was superintendent for the plaintiffs at one time gave the following testimony : " It was a good deal of trouble to me in the woods in my business, the men going out and drinking, and coming back not fit for work. There was some trouble about replacing men. Probably they might be working with a team, and the team would be idle until we could get a man. We generally employed our men in Saginaw, over a hundred miles from Ötsego Lake. Quite a number of our men were in the habit of getting drunk."

On this evidence the circuit judge directed a verdict for defendants.

It is suggested in the brief for defendants that the verdict should be supported because, by the existing legislation of this State the liquor traffic is legal ; but this is a considera-

tion of no moment. The case does not proceed on the ground of the illegality of the liquor traffic, but on grounds of contract. It is perfectly lawful for parties to contract to abstain from the performance of acts proper and legal in themselves, when others with whom they contract may have an interest in their doing so, and in proper cases the contract may be made to assume the form of a condition. Cases in illustration are *Jackson v. Schutz* 18 Johns. 174, where a condition was sustained which provided that no sale of property conveyed should be made without first giving to the grantor or his heirs the opportunity of purchase; and *Nowell v. Boston Academy* 130 Mass. 209, where the condition was that no building should be erected on the granted premises within a certain distance of the street line. Indeed the acts against which conditions are aimed are commonly legal acts, the performance of which could not be restrained otherwise than by some form of contract; and the right to stipulate for the purpose is limited only by considerations of public policy. A condition inhibiting the performance of acts which the public has an interest in having performed would be void for that reason; as, for example, a condition in general restraint of marriage (*Randall v. Marble* 69 Me. 310); or in general restraint of alienation (*Dick v. Pitchford* 1 Dev. & Bat. Eq. 480; *Reifsnyder v. Hunter* 19 Penn. St. 41; *Gleason v. Fayerweather* 4 Gray 348; *Schermerhorn v. Negus* 1 Denio 448; *Mandlebaum v. McDowell* 29 Mich. 78; *McCleary v. Ellis* 54 Iowa 311); or any other condition the purpose of which is to restrain and inhibit the performance of duty, either to individuals or to the public; as, for example, the exercise of the elective franchise, or the administration of charity to needy persons. But the State does not legalize the sale of intoxicating drinks because of any supposed public policy to be advanced thereby; it tolerates the sale merely, and to some extent by heavy taxes and rigid police regulations intends to discourage it. There is nothing, therefore, in this condition which is legally objectionable on the ground of conflict with public policy or State legislation.

That, independent of the statute above recited the condi-

tion is perfectly lawful, and that its breach may work a forfeiture of the estate granted, is undoubted. Many cases of similar conditions are found in the books, and in none of them has enforcement, either by forfeiture of the estate or by injunction, been refused. The enforcement is subject to the rule that the law favors covenants rather than conditions; and it inclines to construe the undertakings of parties strictly as against forfeiture. *Michigan State Bank v. Hastings* 1 Doug. (Mich.) 225 : s. c. 41 Amer. Dec. 549; *Blanchard v. Railroad Co.* 31 Mich. 43; *Taylor v. Sutton* 15 Ga. 103; *Broadway v. State* 8 Blackf. 290; *Southard v. Central R. R. Co.* 26 N. J. L. 13; *Voris v. Renshaw* 49 Ill. 425; *Hooper v. Cummings* 45 Me. 359; *Woodworth v. Payne* 74 N. Y. 196: s. c. 30 Amer. Rep. 298; *Glenn v. Davis* 35 Md. 208; *Wier v. Simmons* 55 Wis. 637; *Page v. Palmer* 48 N. H. 385; *Joslyn v. Parlin* 54 Vt. 670. The evidence of breach must also be clear (*Hadley v. Manufacturing Co.* 4 Gray 140; *McKelway v. Seymour* 29 N. J. L. 321); and the party in whose favor the condition is reserved may be held to waive it by any act of his own which would render insisting upon it unjust, as was held in this case before. But the courts will not defeat a condition by a construction which is strained and unreasonable, and which manifestly was not in the mind of the parties. *Guild v. Richards* 16 Gray 309; *Keening v. Ayling* 126 Mass. 404; *Taylor v. Railroad Co.* 25 Iowa 371; *Wilson v. Wilson* 86 Ind. 472.

The condition in this case is simple and unambiguous, and no construction is suggested which would defeat it. Of the cases in which conditions have been sustained which either restrained some particular use of premises conveyed, or enforced some particular use, it may be useful to refer to a few. In *Sperry's Lessee v. Pond* 5 Ohio 387 : s. c. 24 Amer. Dec. 296, the condition was that the grantee should keep a saw-mill and grist-mill doing business on the premises granted; and the court said of it: " These mills, if kept in operation as the water would permit, would increase the value of the balance of Sperry's tract of land, and be a benefit to the occupier of it. This probably, with Sperry, was a part of

the consideration for making the grant;" and the condition was enforced. To much the same purport is *Langley v. Chapin* 134 Mass. 82. In *Gillis v. Bailey* 21 N. H. 149, the condition was that the lot conveyed should be occupied by only a single dwelling-house with outbuildings, and it was held to be broken by the erection of a building designed and calculated for the occupation of three distinct families in severalty. Somewhat similar to this is *Dorr v. Harrahan* 101 Mass. 531 : s. c. 3 Amer. Rep. 398. In *Clark v. Martin* 49 Penn. St. 289, the condition was in restraint of the erection of a building above a certain height. In *Linzee v. Mixer* 101 Mass. 512, it inhibited the construction of a bay-window in a house. In *Gibert v. Peteler* 38 N. Y. 165, the purpose was to preserve from interruption the view from certain premises. In *McKissick v. Pickle* 16 Penn. St. 140, the condition was against alienation for any other purpose than for a school-house. And in each of these cases the party in whose favor the condition was reserved had or apparently supposed he had, an interest in the condition being observed, and imposed it upon the estate granted for that reason. *Keening v. Ayling* 126 Mass. 404, is also instructive in this connection.

But in those cases in which the condition has had for its purpose a restraint upon the business of dealing in intoxicating drinks, the interest of the grantor in its enforcement has been specially prominent in the mind of the court in passing upon the condition. This was the case in *Collins Manuf'g Co. v. Marcy* 25 Conn. 242, where the condition was in these words: " *Provided*, always, and this deed is upon condition that in case any ardent spirits, cordials, or wines shall be kept or sold on any part of said premises, or in any building erected or to be erected thereon, unless it be with other drugs and medicines, and sold in similar quantities and in cases of sickness only, then and in that case the deed shall become void and of no effect." Dealing with a similar condition in *Plumb v. Tubbs* 41 N. Y. 442, the judge delivering the opinion of the court said : " The grantor in the present case evidently belonged to that class of men who consider the

habitual use of intoxicating liquors as a serious evil. He was the owner of a tract of land which, as I infer from the case, he purposed to have formed into a town or village by the sale of lots to individuals who should build upon them. This would give to his property remaining unsold the advantage of the enhanced price resulting from such improvement. The increase of inhabitants would give to himself and family the benefits of refined society. It was his opinion, as we may infer from his restrictive conveyances, that intemperance was a social evil from which he desired to protect himself and family. We may infer in the same manner that he considered his remaining property as more valuable if located in a community where no liquor was sold as a beverage than where its use was permitted. These views and wishes cannot be pronounced unreasonable and absurd. The grantor had a right to hold them, and he had a right to use his property in a manner that would accomplish them." To like effect are *O'Brien v. Wetherell* 14 Kan. 616, and *Post v. Weil* 15 N. Y. Sup. Ct. (8 Hun) 418.

A like condition to the one before us was considered and sustained in *Cowell v. Colorado Springs Co.* 3 Col. 82 : s. c. in error, 100 U. S. Rep. 55. In that case the condition was objected to as repugnant to the fee-simple estate which was granted by the deed containing it; but Mr. Justice Field showed very conclusively in a few short and terse paragraphs that there was nothing in the objection. We may well believe counsel in this case were of the same opinion, for they have not raised it.

These cases are ample to show that the ruling of the circuit judge was erroneous. The condition in this case was far from being " merely nominal," and when the circumstances are shown as they have been now, they are far from evincing " no intention of actual and substantial benefit to the party to whom and in whose favor" it was to be performed. The grantors had a purpose in view which was grounded in substantial interests ; and the condition was not arbitrary, but was imposed for the protection of their somewhat extensive business. And good grounds were given in the evidence for

supporting the condition as one which the grantors did not err in deeming important.

The fact that no sale of liquors to any of the plaintiffs' servants was proved was not important. The plaintiffs undertook to prevent the temptation to intoxication being held out to their servants, and they are not dealing with these defendants as criminals, but as parties who are guilty of a breach of contract in offering to the men the enticement to intoxication which the contract provided against. And the fact which appeared on the trial, that liquors were sold in the vicinity by one or more others was no excuse to the defendants. If it were, one grantee in such a deed might by a breach of condition give excuse for a similar breach by others, and in turn would be excused by them, so that the breach of duty would find protection most ample in proportion as the wrong was general.

The plaintiffs, it seems, had parted with a large share of their interests before the suit was instituted, but not with all. Whether when the condition was originally valid, the sale of interests would affect it is a question not in this case, and we abstain from any expression of opinion upon it. This condition was sustained by sufficient interest when made, when broken and when sued upon.

A new trial must be ordered.

The other Justices concurred.