ORVILLE A. WATROUS v. JAS. D. ALLEN, WM. F. HOLTZ AND WM. O'BRIEN.

*Injunction to enforce covenant against liquor sales.*

1. The unauthorized act of striking a condition out of a deed after it has been executed, is forgery.

2. Grantees denying that they had consented to a condition in the deed to them have the burden of proving the fact.

3. A covenant in restraint of trade is not necessarily invalid so far as the covenantee has in his own business an interest in enforcing it; and where the business is the selling of liquor, such a condition is not, in Michigan, at least, opposed to public policy.

4. Equity will not enforce a forfeiture for breach of the condition in a deed; but if the remedy sought is the enforcement of the condition, it will interfere by injunction to restrain the breach thereof. And it will so interfere as against assignees of the persons originally bound by the condition, and notwithstanding the fact that forfeiture is prescribed as the penalty of the breach.

5. Penalties, forfeitures and fixed damages are non-essentials to an agreement, their only purpose being to render its breach less likely.

6. A parol agreement that has once been executed may be afterwards enforced in behalf of those for whose benefit it was meant.

Appeal from Clare. (Judkins, J.) June 5.—June 17.

INJUNCTION bill. Complainant appeals. Reversed.

*C. W. Perry* and *J. L. Potts* and *Mann & Van Kleeck* for complainant. Conditions against the sale of liquor will be enforced in equity : *Plumb v. Tubbs* 41 N. Y. 442.

*Trask, Grout & Smith* and *E. D. Wheaton* for appellee. Courts will not enforce any agreement of which the object is to create a monopoly in any business : *Mitchel v. Reynolds* 1 P. Wms. 190 ; *Wright v. Ryder* 36 Cal. 342 ; *Oregon Steam Nav. Co. v. Hale* 1 Wash. 283 ; *St. Joseph & Denver City R. Co. v. Ryan* 11 Kan. 602 : 15 Am. Rep. 357 ; *Williamson v. C. R. I. & P. R. Co.* 53 Ia. 126 : 36 Am. Rep. 206 ; *Marsh v. Fairbury P. & N. W. R. Co.* 64 Ill. 414 : 16 Am. Rep. 564 ; *Horner v. Graves* 7 Bing. 743 ; *Jones v. Caswell* 3 Johns. Cas. 29 ; *Gardiner v. Morse* 25 Me. 140 ; *Atcheson v. Mallon* 43 N. Y. 147 ; *Hook v. Turner* 22 Mo. 333 ; *Swan v. Chorpenning* 20 Cal. 182 ; *James v. Fulcrod* 5 Tex. 512 ; *Loyd v. Malone* 23 Ill. 43 ; the same has been held in reference to combinations to keep up the price at public sales : *National Bank v. Sprague* 20 N. J. Eq. 159 ; *Veazie v. Williams* 3 Story 611 ; *Moorehead v. Hunt* 1 Dev. (N. C. Eq.) 35 ; *Staines v. Shore* 16 Penn. St. 200 ; *Towle v. Leavitt* 23 N. H. 360 ; where the extent of territory included in terms of the contract is not greater than that over which the business extended, such contracts have been held valid : *Whitney v. Slayton* 40 Me. 224 ; *Warfield v. Booth* 33 Md. 63 ; *Hoyt v. Holly* 39 Conn. 326 ; *Timmerman v. Dever* 52 Mich. 34 ; when the terms of the contract extend further the contract is held void as against public policy : *Nobles v. Bates* 7 Cow. 307 ; *Wright v. Ryder* 36 Cal. 357 ; *Taylor v. Blanchard* 13 Allen 370 ; for analogous cases to this see *Brewer v. Marshall* 19 N. J. Eq. 537 ; *Alger v. Thacher* 19 Pick. 51 ; *Hilton v. Eckersley* 6 El. & Bl. 47 ; *Albright v. Teas* 37 N. J. Eq. 171.

COOLEY, C. J. The purpose of the bill in this case is to obtain a perpetual injunction against the carrying on of the business of dealing in intoxicating drinks on certain premises in the village of Meredith, in the county of Clare.

The allegations of the bill are as follows :

On February 28, 1884, Thomas J. McClennan was owner of the premises in question, and sold the same to the defendants James D. Allen and William F. Holtz, and made and

delivered to them a deed thereof.   This deed contained the following proviso :

" Provided always, and this contract and the estate in said premises hereby created is subject to the express condition, that if the parties of the second part, their heirs and assigns, shall at any time sell or keep for sale upon said above-granted premises, or knowingly permit any person under them so to sell or keep for sale, any spirituous or intoxicating liquors, whether distilled or fermented, the entire title and estate in and to said premises hereby sold and created shall cease, and the title to said premises shall thereupon at once revert to and vest in the parties of the first part, their heirs and assigns forever, and shall be lawful for the said parties of the first part, their heirs and assigns to re-enter upon said premises, and said parties of the second part, their heirs and assigns, and every person claiming under him or them, wholly to remove, expel, or put out."

This deed was recorded in the office of the county register of deeds, March 29, 1884, but when recorded this proviso had been stricken out.   Afterwards, on June 7, 1884, Mc-Clennan made a general assignment and transfer of all his property, real and personal, and all actions and causes of action, reversions and benefits, to complainant Watrous, and Watrous took possession of the property under the assignment.

At the time of the execution and delivery of the deed to Allen and Holtz, McClennan was the owner of a large amount of real estate in said village of Meredith, and so continued to be until the assignment to complainant Watrous ; and the bill avers " that he platted said village, and was the proprietor and owner of the plat thereof, and was thereby directly and specially interested in having the said condition so inserted in said deed observed and enforced, and that the same was so inserted for his benefit as owner of the land and lots in the vicinity and contiguous to said premises, and that whatever rights, interests and benefits the said McClennan had by virtue of said condition and in the reversion of said premises for the violation thereof, belong to complainant."

On or about the first day of August, 1884, William O'Brien took possession of the lot so conveyed to Allen and

Holtz, and has commenced the sale of intoxicating liquors thereon as a regular business. O'Brien was aware when he did so of the condition in the McClennan deed, which the bill avers was stricken out by Allen wrongfully; the act of striking it out being an act of forgery. O'Brien was warned not to enter upon such business before he did so, but refused to heed the warning. The bill avers special injury to complainant Watrous as owner of the lands conveyed to him by McClennan, and prays that the estate so conveyed to Allen and Holtz be decreed to be forfeited for breach of condition; that the defendants, and all persons holding from or under them, be enjoined and restrained from giving, delivering, selling or keeping for sale any spirituous or intoxicating liquors, whether distilled or fermented, on said premises, and for other and further relief.

The defendants answered, admitting the principal allegations in the bill, but alleging that the condition in McClennan's deed to Allen and Holtz was inserted without the knowledge of the grantees, who were not aware of it until some time afterwards and then erased it, as they claimed they had a right to do. Defendants denied "that said complainant sustains any damage by reason of the sale of liquors as described therein, except that said complainant Watrous and said McClennan are engaged in the sale of liquor in said village, and it is possible that they may not be able to sell quite as much liquor as they would if there was no opposition, and they may be compelled to sell a better article and at more reasonable rates; and in the loss of such profits as a monopoly of the liquor trade might give them, they may be to that extent damaged, but that complainant suffers damage in no other way. And defendants aver that if said prohibitory clause had been lawfully inserted in said deed it was void, as a clause inserted to create a monopoly, and in restraint of trade." They also claimed that McClennan consented to waive the condition before O'Brien began business.

The cause was heard on pleadings and proofs, and the bill dismissed. The complainant appears to have made an affir-

mative case upon the facts, but defendants insist that they established their allegation that the condition was not in the deed with their assent. On this the burden of proof was upon them, but we cannot say the preponderance of evidence is in their favor. The erasing of the condition was without any application to McClennan for correction, and had all the appearance of having been done secretly in the expectation of obtaining a benefit from a recording of an instrument that on its face showed no restrictions.

The defendants also rely upon evidence that McClennan waived the condition. An agent of O'Brien testified that in a certain interview, in which McClennan several times refused to assent to waiving the condition, he finally did so. The evidence is not very satisfactory, but when followed by further testimony from the same agent that he soon afterwards went to McClennan, and endeavored to secure his consent to O'Brien's proposed business by promising him ten per cent. of the profits, we are not left in doubt that there is some error in the first evidence.

The defendants also rely upon the legal proposition that conditions in restraint of trade are void. This, in its application to a parallel case, was considered in *Beal v. Chase* 31 Mich. 490, where the authorities are collated and examined. It was there held that a covenant in restraint of trade, so far as the covenantee had in his own business an interest in enforcing it, might be valid. This case comes within the decision in that case. See also *Doty v. Martin* 32 Mich. 462; *Caswell v. Gibbs* 33 Mich. 332. There is nothing in the position taken by the defense that the condition tends to the establishment of a monopoly in the business of selling intoxicating drinks, and is thus opposed to public policy. It is not the policy of this State that every one should sell intoxicating drinks who pleases. On the contrary, heavy taxes are levied and onerous conditions imposed by the State for the express purpose of limiting the number of those who shall sell; and the condition in question is directly in the line of that policy, instead of being opposed to it.

This disposes of all the grounds of defense which are brought to our notice by the brief in this Court.

The complainant is not entitled to enforce a forfeiture of the estate in equity, for equity does not aid in enforcing forfeitures. *Crane v. Dwyer* 9 Mich. 350; *White v. Port Huron, &c. R. Co.* 13 Mich. 356; *Wing v. Railey* 14 Mich. 83; *Horsburg v. Baker* 1 Pet. 232; *Livingston v. Tompkins* 4 Johns. Ch. 415; *Smith v. Jewett* 40 N. H. 530; *Warner v. Bennett* 31 Conn. 468. But on the hearing in this Court they do not claim a forfeiture, and only ask the enforcement of the condition as an agreement. This is a remedy much more favorable to the defendants than the remedy at law, for the equitable remedy only compels the party to abide by the agreement, while the remedy at law takes from him the property he has paid for, and operates as a punishment. Injunction, then, to restrain a breach of a condition, if the condition is legal, is perfectly reasonable. It was so declared in *Clark v. Martin* 49 Penn. St. 289, where, as in this case, the remedy was sought by a grantee of the party in whose favor the condition had been reserved. He had become purchaser of a lot adjoining that which the defendant had bought subject to the condition, and was held entitled to a perpetual injunction, upon the ground that the condition was imposed for the benefit of such adjoining lot. " Common sense," say the court, " cannot doubt its purpose ; and thus it becomes plain that the duty created by the condition and restriction is a duty to the owner of the adjoining lot, whoever he might be." A like case is *Whitney v. Union Ry. Co.* 11 Gray 359. Bigelow, J., delivering the opinion of the court, after speaking of the restrictions which appeared in the deed then in question, said : " The purpose of inserting them in the deed is manifest. It was to prevent such a use of the premises by the grantee and those claiming under him, as might diminish the value of the residue of the land belonging to the grantor, or impair its eligibility as sites for private residences. That such a purpose is a legitimate one, and may be carried out, consistently with the rules of law, by reasonable and proper covenants, conditions or restrictions, cannot

be doubted. Every owner of real property has the right so to deal with it as to restrain its use by his grantees within such limits as to prevent its appropriation to purposes which will impair the value or diminish the pleasure of the enjoyment of the land which he retains. The only restriction on this right is that it shall be exercised reasonably, with a due regard to public policy, and without creating any unlawful restraint of trade. Nor can there be any doubt that in whatever form such a restraint is placed on real estate by the terms of a grant, whether it is in the technical form of a condition or covenant, or of a reservation or exception in the deed, or by words which give to the acceptance of the deed by the grantee the force and effect of a parol agreement, it is binding as between the grantor and the immediate grantee, and can be enforced against him by suitable process, both in law and equity." And he proceeds to show that it may also be enforced as against those•who shall derive interests through or under the grantee.

Those cases in which it is held that the fact that a penalty or forfeiture is imposed for doing a prohibited act is no obstacle to the interposition of equity by injunction, rest on the same principle. *French v. Macale* 2 Drury &War. 269; *Coles v. Sims* Kay 56: 5 De Gex M. & G. 1; *Barret v. Blagrave* 5 Ves. 555; *Hardy v. Martin* 1 Cox 26. So do cases in which specific performance is decreed, notwithstanding the contract provides for stipulated damages. *Fox v. Scard* 33 Beav. 327; *Howard v. Woodward* 10 Jur.. (N. S.) 1123. This is perfectly reasonable and equitable; for the penalty, forfeiture or fixed damages are only agreed upon to render it more improbable that the act against which they are directed will be committed.

The cases above referred to sufficiently show that the remedy may be had by and against the assigns of the respective parties, but the following cases may be cited to the same: *Tulk v. Moxhay* 2 Phill. 774; *Mann v. Stephens* 15 Sim. 377; *Hills v. Miller* 3 Paige 254; *Barrow v. Richard* 8. Paige 354; *Brouwer v. Jones* 23 Barb. 153; *Linzee v. Mixer* 101 Mass. 512; *Gibert v. Peteler* 38 N. Y. 165;

*Atlantic Dock Co. v. Leavitt* 54 N. Y. 35. Even a parol agreement, if once executed, may be subsequently enforced in behalf of parties for whose benefit it was intended. *Tall-madge v. East River Bank* 2 Duer 614.

That a condition like that in this case is valid in law was decided in *Smith v. Barrie* 56 Mich. 314, at the last term of this Court, and is not now in question. A perpetual injunction should be decreed, and complainant should recover his costs.

SHERWOOD and CHAMPLIN, JJ. concurred.

CAMPBELL, J.   I think the case is not one for equity.