REILLY v. OTTO.

DEED—BUILDING RESTRICTIONS—MAINTENANCE OF SALOON—IN JUNCTION.

Equity will enjoin the violation of a condition in a deed that no saloon should be erected on the premises conveyed, where the grantor purchased such property with a view to protecting other property in the neighborhood from depreciation in value by the proximity of a saloon, although, before the execution of the deed, he had conveyed adjoining property without such restriction, and had also leased other premises in that locality for the purposes of a saloon.

Appeal from Wayne; Carpenter, J. Submitted January 10, 1896. Decided February 18, 1896.

Bill by Cornelius J. Reilly against George Otto and wife to enjoin the breach of a condition in a deed against

the maintenance of a saloon or general store on the premises conveyed. From a decree for complainant, defendants appeal. Affirmed.

*John W. A. S. Cullen*, for complainant.

*James V. D. Willcox* (*Elbridge F. Bacon*, of counsel), for defendants.

MOORE, J. In 1891, complainant and his wife conveyed, by deed, a lot in Detroit, with the following restrictions:

" This conveyance is made with the express restriction that there shall not be placed or erected, at any time, on said premises now conveyed, any store, but only dwelling houses.   *   *   *   To have and to hold the said premises above bargained and described,   *   *   *   with the express reservation and restriction that no store or saloons shall be erected or placed on said premises now here conveyed, and that said real estate shall be kept for dwelling-house purposes only."

In 1894 the complainant filed a bill in chancery, alleging that for several years he was the owner of said property; that defendants came to him to buy said property; and that he told them that he had purchased the premises with a view of erecting dwelling houses thereon, and that he would not sell to them for any other purpose than to be used solely for dwelling-house purposes, and that no store, saloon, or business place should be erected on said vacant lot; that thereupon the complainant entered into a contract of sale to the defendants of said premises, with the reservation as stated in his deed to them; that the defendants have moved a large frame building, which was used where it formerly stood for saloon purposes, and are now fixing it up to use as a saloon and for the sale of intoxicating liquors; and asking that the defendants be enjoined from so putting the saloon on said premises.

Defendants answered, and averred that in July, 1888, the complainant sold to Komminsky the property adjoin-

ing the defendants' on the south, without any restrictions as to buildings or business; that in December, 1892, he sold to Fass and Fass the south 26 feet of lots 113, 114, and 115, without restriction as to buildings or business; that complainant is not interested in any property in the block south of Leland street; that he is the owner of a store directly opposite and north of the property owned by the defendants; that in May, 1889, he leased said store for five years to one Faber, authorizing him to carry on a store and saloon in said building; that all the property owned by complainant at present lies on the west side of Russell street, north of and adjoining said last-mentioned store and saloon; that there are other business properties, including saloons, in that immediate neighborhood; that the city of Detroit has a population of 235,000, and that there are a large number of saloons in said city, and a large number in the immediate neighborhood of the property in question; that said complainant lives upward of a mile and a half from the property owned by the defendants, and is not interested by the business carried on by the defendants, except as it may affect the property owned by him there; that it is not true that the building of a store or saloon on said premises would cause any great damage to complainant's business, or depreciate the value of his property; that the condition contained in said deed is not sufficient to authorize the granting of an injunction.

The trial judge granted the relief prayed for in complainant's bill. His action is sought to be reversed here.

It is urged by the defendants that, if the condition in the deed was ever valid, it has been waived by the complainant, and that he cannot enforce it, because he has conveyed the balance of lots 113, 114, and 115 without restrictions, and has authorized the carrying on of a saloon on his own property; and they cite a large number of cases, relying especially upon the cases of *Duke of Bedford* v. *Trustees of British Museum*, 2 Mylne & K. 552; *Barrie* v. *Smith*, 47 Mich. 130; *Smith* v. *Barrie*, 56 Mich. 314; *Jenks* v. *Pawlowski*, 98 Mich. 110. The

record discloses that the lease from Reilly to Faber was made before Reilly's contract and deed with the Ottos, and that in 1891 Faber ceased to do a saloon business. While the deed to Fass and Fass was made in 1892, it was made in pursuance of a contract made in 1888. The contract with Komminsky was also made in 1888. So that it cannot be said that, after the Ottos made their contract with Reilly, the latter made any new conveyances authorizing the erection of stores or saloons.

The record does not disclose any waiver on the part of the complainant. On the contrary, it shows that his purpose in buying the land sold to the defendants was to prevent the erection of a saloon there, and to protect his store on the next corner and his residence property in the next block from being depreciated in value by the proximity of a saloon. In *Watrous* v. *Allen*, 57 Mich. 368, it was held that—

"Every owner of real property has the right so to deal with it as to restrain its use by his grantees within such limits as to prevent its appropriation to purposes which will impair the value or diminish the pleasure of the enjoyment of the land which he retains. The only restriction on this right is that it shall be exercised reasonably, with a due regard to public policy, and without creating any unlawful restraint of trade."

To the same effect are *Smith* v. *Barrie*, 56 Mich. 314; *Abraham* v. *Stewart*, 83 Mich. 7; *Whitney* v. *Railway Co.*, 11 Gray, 359. The same doctrine is held in the Michigan cases cited by counsel for appellants.

The decree of the court below is amrined, with costs.

The other Justices concurred.