Ferris *v.* American Brewing Co.

---

## FERRIS *v.* THE AMERICAN BREWING COMPANY.

[No. 19,245.   Filed November 27, 1900.]

LANDLORD AND TENANT.—*Covenant as to Use of Leased Premises.— Public Policy.*—A covenant in a lease that the lessee should sell no beer upon the leased premises except that manufactured by a certain brewing company is not invalid as being against public policy. *pp. 540-543.*

SAME.—*Covenant as to Use of Leased Premises.—Enforcement.—Parties.*—A covenant in a lease that lessee should sell no beer upon the leased premises except that manufactured by a certain brewing company may be enforced by the company for whose benefit the contract was made, although the company was not a party thereto. *pp. 543, 544.*

INJUNCTION.—*Landlord and Tenant.—Enforcement of Covenants in Lease.*—Where a covenant was inserted in a lease prohibiting the lessee from selling beer upon the leased premises other than that manufactured by a certain brewing company, the company for whose benefit the contract was made may enforce such provision by injunction, the remedy at law being inadequate. *p. 544.*

From the Marion Superior Court. *Affirmed.*

*H. N. Spaan,* for appellant.

*C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. P. Smith,* for appellee.

MONKS, J.—This action was brought by appellee against appellant for an accounting, and to enjoin the violation of certain terms of a lease executed by Magdalena Maus to appellant. The errors assigned call in question the sufficiency of the complaint, and the correctness of the conclu-. sions of law.

It appears from the special finding that appellee was engaged in the manufacture of beer and the sale thereof to dealers, and that it procured Magdalena Maus, who was related by blood or marriage to the stockholders in said company, to lease certain real estate on Washington street, in the city of Indianapolis, to appellant for the term of five years commencing on July 1, 1897. In consideration of appellee procuring said lease for appellant, he agreed with appellee that he would sell no beer upon said leased premises during the term of said lease, except that manufactured by appellee, and this stipulation was contained in the written lease executed by said Maus, and was as follows: "That the lessee further agrees, as a part of the consideration of the lease, to sell no other beer on said premises, except that manufactured by the American Brewing Company of Indianapolis, Indiana." Appellant entered into possession of said leased premises under said lease, which possession has continued until the present time. That, almost from the beginning, appellant violated said provision in said lease by purchasing and selling on said premises, without the knowledge or consent of appellee, beer manufactured at other breweries, and just prior to the commencement of this action practically ceased to purchase from appellee. That at the time of the negotiation of said lease, and at the time of the execution of the same, it was well understood by the parties

to this action that said agreement, that no beer should be sold on said premises except that manufactured by appellee, was made for the benefit and advantage of appellee. That at all times since the execution of said lease, appellee has been ready to furnish appellant the beer manufactured by it, sufficient to supply his trade. That the beer so manufactured by it, and which it was at all times ready to furnish, was made out of the best material, and in a clean and well appointed brewery, where every care was taken to prevent foreign and deleterious substances from coming in contact therewith, and as well suited to the market in Indianapolis as any other beer manufactured and sold in said market. That appellee has not charged appellant at any time more than the fair market price of said beer, as it was generally sold upon the market to other saloon-keepers, and has sold the same to appellant at such prices as enabled him fairly to compete with other saloon-keepers similarly situated. Other facts appear in said finding, but they are not necessary to the determination of the questions presented.

The conclusions of law assailed by appellant are, in substance, that the provision in said lease for the benefit of appellee was valid, and appellee is entitled to enforce the same in this action, and is entitled to an injunction restraining and enjoining appellant from, at any time hereafter, during the continuance of said lease, selling upon said premises any beer other than that manufactured by appellee.

It is insisted by appellant that the conclusions of law are erroneous, for the reason that the agreement in the lease that appellant would "sell no other beer on said premises except that manufactured by the American Brewing Company of Indianapolis, Indiana" is invalid, because against public policy. Counsel for appellant has cited no authority to sustain this contention, and we know of none.

A contract that a person will not engage in a particular business at a special place, or within reasonable limits, is not illegal as being against public policy. *O'Neal* v. *Hines,*

145 Ind. 32, and cases cited; *Beatty* v. *Coble,* 142 Ind. 329; *Eisel* v. *Hayes,* 141 Ind. 41.

A covenant by a lessee not to carry on a particular business, or not to carry on any business except .a business named, on the leased premises, is binding, and may be enforced. 12 Am. & Eng. Ency. of Law, (1st ed.) 1025, 1026; 1 Beach on Injunctions, §§482-486; 1 High on Injunctions, §436; 2 High on Injunctions, §§1142-1149.

It has been uniformly held that a provision in a deed that no intoxicating liquors shall be manufactured or sold on the premises conveyed is valid, however much the same may affect the value of the property conveyed. *Cowell* v. *Springs Co.,* 100 U. S. 52, 57, 25 L. ed. 547; *Collins Mfg. Co.* v. *Marcy,* 25 Conn. 242; *O'Brien* v. *Wetherell,* 14 Kan. 616; *Orchard Canal Co.* v. *Sikes,* 8 Gray 562; *Watrous* v. *Allen,* 57 Mich. 362, 24 N. W. 104, 58 Am. Rep. 363; *Smith* v. *Barrie,* 56 Mich. 314, 22 N. W. 816, 56 Am. Rep. 39; 1 Beach on Injunctions, §482; 1 High on Injunctions, §1144.

It was held in *Sutton* v. *Head,* 86 Ky. 156, 5 S. W. 410, 9 Am. St. 274, that a provision in a deed that "no intoxicating liquors are to be sold on said premises in less quantities than five gallons" is not void as being in restraint of trade.

It is said in Greenhood on Pub. Pol. p. 677: "Rule DLX. A contract which secures to the obligee the exclusive custom of the party contracting, especially when by such contract the party making it procures an advantage not otherwise obtainable, is valid although the covenantor be engaged in public business, unless its enforcement would be prejudicial to the public."

Among the illustrations given by the author are the following: "A publican, in making a settlement with his creditors, agrees to buy all his beer of them. The agreement is valid."

"A contracts to furnish B with sewing machines, at a discount, and upon credit, provided B will deal exclusively with him. The contract of B is valid."

"A agrees to buy of B all the groceries he may need, provided he will furnish them at as low a price as others. The agreement is valid."

"A covenants not to buy any meat for his trade, for six months, of any one but the covenantee. The agreement is valid."

"These contracts are upheld because they in no wise tend to diminish trade. A man is at liberty to buy of one entirely, if he chooses, and if he concludes to purchase entirely of him, he alone, and not the public, is injured."

It was held in *Chicago, etc., R. Co.* v. *Pullman, etc., Co.,* 139 U. S. 79, 11 Sup. Ct. 490, 35 L. ed. 97, that a railroad company may grant to a sleeping car company the exclusive right for a number of years to furnish drawing room and sleeping cars for the use of the railroad company, and bind itself not to contract during that period for the same kind of cars with any other party, and that such contract is not void as against public policy, nor is it restraint of trade.

We know of no rule of law which renders invalid the contract in said lease made by appellant for the benefit of appellee, and our attention has not been called to any case holding such a contract invalid. It is evident from the authorities cited that the provision of said lease, that appellant is to sell no beer on the leased premises except that manufactured by appellee, is not void.

Counsel for appellant next insist that, if said provision in the lease is valid, appellee, not being a party thereto, is not entitled to enforce the same, by injunction or otherwise.

The rule in this State is that a person not a party to a contract, but for whose benefit it was executed, may enforce his rights under the same. *Ransdel* v. *Moore,* 153 Ind. 393, 405, and cases cited; *Warren* v. *Farmer,* 100 Ind. 593; *Rodenbarger* v. *Bramblett,* 78 Ind. 213; *Tinkler* v. *Swaynie,* 71 Ind. 562; *Devol* v. *McIntosh,* 23 Ind. 529.

It is expressly stated by the court in the special finding, and clearly appears from the lease itself, that said provision

was inserted in said lease for the benefit of appellee, and that it was so understood by the parties to the action. Appellee was therefore entitled to enforce said agreement, although not a party to the same.

It is a settled rule that provisions in a lease, by which the lessee agrees that he will not use the leased premises for certain purposes, or carry on any kind of business thereon, except the kind named, may be enforced by injunction. Beach on Injunction, §§482-486; 1 High on Injunctions, §436; 2 High on Injunctions, §§1142-1149; 2 Beach on Modern Eq. Jur. §§712, 603, p. 673, and notes; Watson's Comp. of Eq. (2nd ed.) 102; McAdam on Landlord and Tenant, (3rd ed.) 496, 1226, 1432, 1433; Wood's Landlord and Tenant, §§85, 434; 12 Am. & Eng. Ency. of Law, (1st ed.) 1025.

Moreover, it is a general rule that where one has made a valid contract that he will not engage in a certain business or occupation, and it is shown that the said contract is being violated, to the injury of one entitled to enforce the same, he is entitled to an injunction against the offending party. This is upon the ground that, from the nature of the case, just and adequate damages cannot be estimated for a breach of the contract. In other words, the remedy at law is inadequate. *O'Neal* v. *Hines,* 145 Ind. 32, 35, and cases cited; 1 High on Injunctions, §1142. The rule stated clearly applies to this case.

It follows that the conclusions of law were not erroneous. The rules which establish the correctness of the conclusions of law also sustain the sufficiency of the complaint. Judgment affirmed.