*C. W. Baker,* for plaintiff in error.

*Robert Ramsey,* for defendant in error.

---

## RESTRICTION IN MORTGAGE GIVING LIMITED MONOPOLY VALID.

[Circuit Court of Cuyahoga County.]

CLEVELAND & SANDUSKY BREWING CO. v. JOSEPH DEMKO ET AL.*

Decided, January 14, 1907.

*Mortgage—Limitation on Business to be Conducted on Premises—Not in Restraint of Trade, When—Public Policy and the Liquor Business—Contracts—Reasonableness of Restraint—Principles Governing—Consideration.*

The condition in a mortgage, given to a brewing company for a sum of money advanced by it to enable the mortgagor to build a saloon upon the mortgaged premises, that the mortgagor shall not, for a period of twelve years, sell upon the mortgaged premises any beer, ale or porter except that manufactured by the mortgagee, is founded upon a valuable consideration, is not against public policy as in restraint of trade, and may be enforced by injunction to prevent the sale on the premises of other brews than that of the mortgagee.

---

*For holding as to invalidity of covenant of a lease binding the lessee not to sell beer of any other manufacture than that of the lessor, see *Huebner-Toledo Breweries* v. *Singlar,* 8 C. C.—N. S., 49.

Higley & Maurer cited in support of the validity of the contract considered as one in partial restraint of trade—*Lang v. Werk*, 2 Ohio State, 519; *Grasselli v. Lowden*, 11 Ohio State, 349.

Contracts to sell certain products exclusively are not against public policy—24 Amer. & Eng. Encl. of Law (2d Ed.), 855; *Anheuser-Busch Brewing Co. v. Houck*, 27 S. W. 692.

The contract does not affect a prime necessity of life nor one the trade in which the public is interested in extending—24 Amer. & Eng. Encl. of Law (2d Ed.), 854; *Harrison v. Lockhart*, 25 Ind., 112; *Walrous v. Allen*, 57 Mich., 362; *Anheuser-Busch Brewing Co. v. Houck*, 27 S. W. Rep., 692.

Agreements not to sell or covenants to sell only a particular product are enforcible—*Ferris v. Brewing Co.*, 155 Ind., 539; *Grasselli v. Lowden*, 11 Ohio State, 349.

Notwithstanding the payment of the money claim the plaintiff had a right to maintain an action in ejectment and recover possession of the property. The legal title at the time of the release was in the plaintiff and the situation is in all respects similar to a conveyance by the plaintiff to the defendant of the property in question with a limitation on its use—*Doe v. Roll*, 7 Ohio (pt. 2), 70; *Hale v. Wetmore*, 4 Ohio State, 602; *Allen v. Everly*, 24 Ohio State, 97; *Williams v. Engelbrecht*, 37 Ohio State, 383; *Bradfield v. Hale*, 67 Ohio State, 316.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Heard on appeal from the court of common pleas.

In this action the plaintiff seeks to enjoin the defendant, Joseph Demko, from selling any beer, ale or porter, except of the manufacture of the plaintiff, upon certain premises in the city of Cleveland belonging to said Demko.

From the pleadings and the conceded facts in the case, it appears that on August 3, 1905, the defendant, Joseph Demko, was the owner of said premises, which are described in the petition, and was desirous of building a saloon thereon, and for that purpose applied to the plaintiff for funds with which to pay off a small mortgage then existing upon the said premises, and to erect said improvements. The plaintiff, on said date,

loaned the defendant the sum of $3,700 for said purpose, upon certain conditions and covenants which are set forth in the mortgage of said premises of said date, executed and delivered by said defendant to the plaintiff. Said mortgage recites that the grantors, for the consideration of $3,700, and other valuable considerations, received to their full satisfaction from the brewing company, had conveyed said premises to the brewing company. Then follows an agreement in the following language:

"And we, the said grantors, for ourselves and our heirs, executors, administrators and assigns, covenant with the said grantee, its successors and assigns, that for a period of twelve years from and after date hereof, the premises above described shall not be used for the sale of any beer, ale or porter whatsoever except of the manufacture of the Cleveland & Sandusky Brewing Company, its successors and assigns; and this covenant and agreement shall run with the land and be a limitation and restriction upon the use thereof for said period of time, without reference to the conditions upon which this mortgage deed is made, and shall be held as a grant for the benefit of the said the Cleveland & Sandusky Brewing Company, its successors and assigns, wholly independent of, and in addition to, the above conveyance of the premises by way of mortgage, and shall not be discharged by performance of any or all of the conditions and agreements the performance of which are hereinafter stipulated as rendering the mortgage void."

The defeasance clause of the mortgage is as follows:

"Whereas, said grantors, in consideration of the granting of said loan, especially agree to conduct a saloon on said premises known as No. —, corner Woodland avenue and Goulding street, Cleveland, Ohio, for a period of twelve years, and until said obligation and debt is paid, and to buy and sell thereon during said period of time, beer, ale and porter of the manufacture of said grantee, its successors, and assigns, and more particularly the beer of its Cleveland or Gehring branch and no other beer, ale or porter whatsoever, and to pay for same upon request of said company; and further agree that any sum now or hereafter due to grantee for beer, ale or porter delivered by it, for Dow tax or other money advanced by it, or for rent, or otherwise, shall be a lien upon said property and secured by this mortgage. And the said grantee hereby agrees to supply in its customary manner, good, wholesome and merchantable beer, ale and porter for and during said period of time at a price mutually agreed

upon and made a part hereof; provided however, that in case said grantors should fail to pay for same as aforesaid, or in case said grantors should fail to pay upon demand any installment due to grantee for rent, or for money advanced by it for Dow tax or otherwise, then grantee's obligation to supply said beer, ale or porter shall be void at its option; in case of breach of this covenant, or any part thereof, the damages accruing to said grantee shall be a lien on said premises, and be secured by this mortgage. Any waiver by grantee of any breach of this covenant, or any part thereof, shall not be deemed a waiver as to any subsequent breach thereof. In case any additional tax or burden shall be imposed upon the sale or manufacture of beer, ale or porter the price agreed upon as hereinbefore set forth shall be increased by such added amount.''

The defendant used the money in the improvement of his property, as agreed, and opened and conducted a saloon thereon, buying his beer of the plaintiff company until about May 26, 1906, about which time the Aiken law (98 O. L., 99; Rev. Stat., 4364-9, *et seq.*), increasing the tax on saloons from $350 to $1,000, went into effect, and Demko then stated to the plaintiff that he could not run his business profitably any longer and pay the plaintiff the agreed price for its beer. The brewing company, however, refused to reduce the price of its beer, and Demko quit the saloon business temporarily and repaid to plaintiff said sum of $3,700, with interest accrued; whereupon the plaintiff endorsed upon said mortgage the following:

The brewing company also canceled the note secured by the and the same is hereby satisfied and discharged; the independent contract herein contained, limiting the use of the premises, remains in full force and effect.''

, The brewing company also canceled the note secured by the said mortgage, and delivered said canceled note and the mortgage, with said indorsement, to the defendant, Demko.

On June 23, 1906, about a month after this transaction, Demko opened up his saloon again, vending therein the beer of another brewing company; whereupon the plaintiff brought its action, as above stated. It is claimed by the defendant that plaintiff is not entitled to the equitable relief it seeks, for three reasons: First, because the contract sued upon is without consideration; second, because it is against public policy, being in

restraint of trade; third, because there is an adequate remedy at law.

We have no difficulty in finding that this agreement was upon a valuable consideration. The original advance of $3,700 by plaintiff to the defendant was sufficient consideration for his agreement to pay interest, buy beer of the plaintiff for twelve years, and not sell beer of any other brew for twelve years. Repayment of the money advanced would end the agreement to pay interest, but not the other two agreements, to buy plaintiff's beer and sell no other beer for the period limited, and so the matter stood between the parties, when defendant asked to have his mortgage canceled. He was not entitled to a release of the mortgage, though he had repaid the loan. It still stood as security for these two additional promises. Whether these promises were then enforcible in equity, because of their executory character on both sides, is immaterial. The plaintiff released defendant from his obligation to buy its beer and the surrender of this valuable agreement was sufficient consideration for the continuance of his further agreement not to sell any other brew of beer during the time limited in the agreement.

We have no difficulty in finding that the agreement relied upon is not in restraint of trade. This question would not be raised if the plaintiff was not in the brewing business. Restraints upon the liquor trade are favored in this state. Indeed, the Constitution of the state (Section 18 of the schedule) authorizes the Legislature to pass laws to provide against the evils resulting from the traffic in intoxicating liquors, and many laws have been passed absolutely forbidding the sale of such liquors in certain districts of the state, and have been held constitutional.

So much for the public policy of the state, regarding the liquor business. It seems clear that the contract under examination does not concern a prime necessity of life, and that the people are usually benefited by having such contracts enforced.

But it is said that the contract in question tends to assure the plaintiff in a monopoly of its beer business. Does it violate any of the rules laid down by Judge Ranney in the case of *Lange* v. *Werk*, 2 Ohio St., 520, by which contracts in restraint of trade are to be tested?

1. The restraint must be partial only.

Here the restraint is partial both as to time and place. It is limited to twelve years, and one lot in the city of Cleveland.

2. It must be founded upon a valuable consideration.

We have already discovered not only a valuable but an adequate consideration.

3. It must be reasonable and not oppressive.

This rule is explained in the case of *Grasselli* v. *Lowden*, 11 Ohio St., 349, 357, where it is said:

"The reasonableness of the restraint here spoken of has no reference to its effect upon the rights and interest of the covenantor as such, but solely to its effect upon the rights of the covenantee and the rights and interest of the public as distinguished from those of the covenantor."

It must be "such only as to afford a fair protection to the interests of the party in favor of whom it is given, and not so large as to interfere with the interests of the public."

It does not seem that this restriction was greater than the interest of the plaintiff required. It enabled the defendant to build up a business on the plaintiff's capital, with the understanding that the business so built up should be mutually beneficial.

It appears that this good will is now participated in by another brewing company, to the exclusion of the plaintiff. The defendant is not restricted by his agreement from carrying on any business he sees fit on his premises, or selling thereon any kind of liquor he chooses, except, if he sells beer, ale or porter, he must vend that brewed by plaintiff, during the time limited, and any place else, except on this particular lot, he can sell any brew of ale, porter or beer that he chooses.

So we conclude that this agreement is reasonable and not oppressive. It is within Rule 560 of Greenhood, Public Policy, page 677, where cases on this subject are collected. See, also, *Ferris* v. *Brewing Co.*, 155 Ind., 539.

But it is said that plaintiff is not entitled to equitable relief— that he has an adequate remedy at law in an action for damages for breach of the covenant.

The case of *Steinau* v. *Gas Co.*, 48 Ohio St., 324, is relied upon in this behalf. In that case the gas company had agreed

to furnish illuminating gas to Steinau for ten years, sufficient to illuminate his place of business, and Steinau had agreed to buy its gas and none other. Upon breach of the agreement by Steinau the gas company sought to enforce this executory agreement by injunction and failed, the court pointing out that it would not be fair to hold Steinau to his agreement, while the gas company could not be compelled to perform its agreement to furnish gas for the unexpired portion of the ten years.

But in this case nothing remains for the brewing company to do; its agreement to sell beer has been canceled by mutual consent. Its executory contract has been terminated and we see no reason why an injunction should not be allowed in this case, so that a multiplicity of suits for damages may be avoided.

Injunction allowed as prayed for.

*Higley & Maurer,* for plaintiff.

*E. J. Albe, E. K. Wilcox* and *Brady & Dowling,* for defendant.