(59 Misc. Rep. 560.)

ST. STEPHEN'S PROTESTANT EPISCOPAL CHURCH v. CHURCH OF THE TRANSFIGURATION.

(Supreme Court, Special Term, New York County. June, 1908.)

1. DEEDS—RESTRICTIONS.

An owner of land, when he conveys it, has a power to impose such restrictions on its use as are reasonable and not in contravention of public policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, § 536.]

**2. COVENANTS—VALIDITY.**

    Where a religious corporation conveys land to one in behalf of a similar corporation, a covenant that the premises shall only be used for church purposes is valid, and runs with the land.

**3. SAME.**

    While restrictive covenants are usually imposed for the benefit of adjacent property, the ownership of contiguous property is not a prerequisite to the enforcement of such restriction.

Action by the St. Stephen's Protestant Episcopal Church against the Church of the Transfiguration to have a covenant in a deed restricting the use of the premises declared invalid. Judgment for defendant.

Arthur O. Townsend, for plaintiff.

Blandy, Mooney & Shipman, for defendant.

O'GORMAN, J. In 1897 the defendant corporation conveyed certain premises used as a chapel in West Sixty-Ninth street, in the city of New York, to one Quintard, who took title in behalf of the plaintiff corporation, and two or three years thereafter duly conveyed the said premises to the plaintiff. Each of said deeds contained the following restrictive covenant:

"And the said party of the second part, for himself, his heirs, and assigns, doth covenant and agree to and with the said party of the first part, its successors and assigns, that the party of the second part, his heirs and assigns, shall not at any time hereafter occupy or use said premises or any part thereof hereby conveyed, or permit the same to be occupied or used, for any purpose other than church purposes only. And it is expressly understood that the said covenant shall attach to and run with the land."

This action is now brought by the plaintiff to have the covenant declared invalid and to free the title from the incumbrance thereof, on the ground that the clause in question was inserted in the original deed to Quintard under a mutual mistake of fact, and, further, that it is inequitable to retain the clause, because the defendant church has no other property in the locality to be affected thereby, and that its retention is prejudicial to the interests of the plaintiff corporation, in that it cannot borrow money needed for necessary church purposes. As to the claim that the insertion of the clause was due to a mutual mistake of fact, there is no evidence to support it, and that claim must be dismissed. The only question presented, therefore, relates to the validity of the covenant and the right of the plaintiff to have it canceled.

It is well settled that the dominion which the law gives every owner of real estate over his lands invests him with power, when he conveys the same, to impose restrictions on its use by the new owner. The only limitation upon this power is that it must be exercised reasonably and with a due regard to public policy. Plumb v. Tubbs, 41 N. Y. 446; Cowell v. Colorado Springs Co., 100 U. S. 56, 25 L. Ed. 547; Smith v. Barrie, 56 Mich. 314, 22 N. W. 816, 56 Am. Rep. 391. In Cowell v. Springs Co., supra, the deed contained a provision that intoxicating liquors should never be sold on the premises conveyed, and that in the event of a breach the grantor might re-enter. Mr. Justice Field, speaking for the court in that case, said:

"The validity of the condition is assailed by the defendant as repugnant to the estate conveyed. His contention is that, as the granting words of the deed purport to transfer the land and the entire interest of the company therein, he took the property in absolute ownership, with liberty to use it in any lawful manner which he might choose. With such use the condition is inconsistent, and he therefore insists that it is repugnant to the estate granted. But the answer is that the owner of property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate, such as prohibit entirely the alienation or use of the property. Conditions which prohibit its alienation to particular persons or for a limited period, or its subjection to particular uses, are not subversive of the estate. They do not destroy or limit its alienable or inheritable character. Sheppard, Touch. 129, 131. The reports are full of cases where conditions imposing restrictions upon the uses to which property conveyed in fee may be subjected have been upheld. * * * The condition in the deed of the plaintiff against the manufacture or the sale of intoxicating liquors as a beverage at any place of public resort on the premises was not subversive of the estate conveyed. It left the estate alienable and inheritable, and free to be subjected to other uses. It was not unlawful, nor against public policy; but, on the contrary, it was imposed in the interests of public health and morality."

Plumb v. Tubbs, supra, arose out of a similar restriction, and the court recognized the same principle. In McKissick v. Pickle, 16 Pa. 140, and in Warner v. Bennett, 31 Conn. 468, the restriction contained in the deed confined the use of the property to educational and religious purposes, and the restriction was held valid.

For many years before the sale of the property in question the defendant used the premises as a place of religious worship. The property was sold to a church of the same religious communion. What more natural than to infer that both parties understood that the property was to be devoted to religious purposes, and to insure that end nothing could be more reasonable than the insertion of the restrictive clause in the deed. It is clear that the defendant has an interest in the observance of the covenant, and without its consent the restriction cannot be released. It does not violate public policy or good conscience, and cannot be regarded as unreasonable. The plaintiff took title subject to the restriction, and the purchase price of the premises is presumed to have been affected thereby. 5 Am. & Eng. Ency. of Law, 11. Having assumed the liability, it would be inequitable to permit the plaintiff to disregard it.

While restrictive covenants are usually imposed for the benefit of adjacent property, the ownership of contiguous property is nevertheless not a prerequisite to the enforcement of such a restriction. Judgment for the defendant, with costs.

Judgment for defendant.