## ABSHIRE *v.* SMITH ET AL.

[No. 12,697.    Filed April 28, 1927.    Rehearing denied October 4, 1927.]

1.   SALES.—*Contract for sale of gasoline at "regular tank wagon market" price would not entitle purchasers to "quantity discounts."*—Under an agreement to sell gasoline to the owners of a "filling station" at the "regular tank wagon market" price, as fixed by the Standard Oil Company, the purchasers would not be entitled to the benefit of "quantity discounts" granted to purchasers who buy in large quantities.    p. 356.

2.   CONTRACTS.—*Court must find adequate remedy for refusal to perform valid contract.*—When the enforcement of a valid contract becomes a question in a court of justice, it is the duty of the court to find an adequate remedy, if possible, for the refusal of one party to perform the obligations on his part. p. 357.

3.   INJUNCTION.—*Violation of contract rights will be enjoined unless policy or expediency forbids.*—The violation of a right created by contract will be enjoined by a court of equity unless there are other considerations of policy and expediency which forbid a resort to that remedy.    p. 357.

4.   INJUNCTION.—*Breach of contract not enjoined where adequate legal remedy exists.*—Equity will not enjoin the breach of a contract where the legal remedy of compensatory damages is complete and adequate.    p. 357.

5.   INJUNCTION.—*Mortgagee loaning money to erect "filling station" entitled to injunction to prevent violation of contract to purchase all gasoline and oil used in operating said station from mortgagee.*—The owners of a lot on which they desired to erect a "filling station" borrowed money to make the improvement and secured the loan by a mortgage on the lot.    By a recital in the mortgage, they agreed to purchase from the mortgagee all the gasoline and oil used in the operation of the "filling station," which they violated by buying gasoline from other parties and refusing to purchase from the mortgagee. *Held* that he was entitled to injunctive relief to prevent them from purchasing gasoline from other parties for use in operating said filling station, the remedy at law for damages being inadequate.    p. 357.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Suit for injunction by John O. Abshire against William C. Smith and another.    From a judgment for de-

fendants, the plaintiff appeals. *Reversed.* By the court in banc.

*Aldo J. Simpson,* for appellant.

*Vandeveer & Vandeveer,* for appellees.

REMY, J.—Appellees were the owners of a certain lot in the town of Milford Junction, on which they desired to erect a gasoline filling station for the sale of oil and gasoline at retail. The money to make the improvement was borrowed by appellees from appellant, payment of the loan being secured by mortgage on the lot. For the money so borrowed, appellees gave to appellant their five promissory notes, each calling for $300, and due respectively one, two, three, four and five years after date; also a note for $500 due six years after date. By a recital in the mortgage, appellees agreed, as a consideration for the loan, that, for a period of five years from date of mortgage, they would purchase from appellant all gasoline and oil used in the operation of the station, "the gasoline to be purchased at the regular tank wagon market, based on the Standard Oil Company tank wagon market, and subject to any general advance or decline of the Standard Oil Company." For more than two years after the filling station was completed, and until December 26, 1925, appellees, in compliance with their agreement, purchased from appellant all gasoline retailed by them at the station, since which time they have purchased no gasoline from appellant. but have purchased their entire supply from other dealers. Because of this course of dealing on the part of appellees, appellant, on January 8, 1926, began this suit against appellees to enjoin them from purchasing for resale at the filling station, and from selling or offering for sale, any gasoline other than that which they should buy from appellant.

Trial resulted in a judgment for defendants denying the injunction.

The sufficiency of the evidence to sustain the decision is the only question which will require consideration.

There is little controversy as to the facts. Since December 26, 1925, the time when appellees ceased to purchase from appellant their supply of oil and gasoline, appellant has at all times been able, ready and willing to perform every obligation required of him by the agreement. The business of appellant is the buying and selling of gasoline. Appellees did not make, and are not now making, any objection to the quality of the oil and gasoline sold, or offered for sale, by appellant. The evidence, without conflict, also shows that the expression "tank wagon market," as used in the agreement between the parties, means the price at which gasoline and kerosene are sold from the wagon or truck, and in Indiana is fixed by the Standard Oil Company for the territory covered, and that rebates to purchasers who buy in large quantities, known in the trade as "quantity discounts," are not a part of the tank wagon market. The controversy between the parties arose when appellant refused, on demand of appellees, to give appellees as purchasers of oil and gasoline the benefit of the quantity discount. Since the contract clearly and definitely provides that the price to be paid by appellees is the tank wagon market as fixed by the Standard Oil Company, and since it was not a part of the agreement that appellees were to have the benefit of any quantity discount, it necessarily follows that appellant was within his rights when he refused to comply with appellees' demand.

The important question presented by this appeal is whether, under the facts as disclosed by the record, appellant is entitled to injunctive relief. It is urged by appellees, and the trial court in effect held, that appel-

lant's remedy is an action for damages. On the other hand, it is contended by appellant that an action at law would be inadequate, for the reason that the amount of gasoline used and sold by appellees in the operation of the filling station varies from month to month, and that the profits which appellant would derive from sales to appellees under the contract would likewise vary, so that it is impossible to fix accurately or approximately the damages which appellant would sustain by reason of a failure on the part of appellees to carry out their contract for the remainder of the five-year period.

Men who make contracts expect them to be carried out, and when the question of the enforcement of a valid contract becomes a question for a court of justice, the party not in default expects, and has a right to expect, that the court will not let his cause fail, or partly fail, merely for the want of an adequate remedy. It is the duty of the court to find the way of justice.

2.

It is a fundamental principle that the violation of a right created by contract will be enjoined by a court of equity, unless there are other considerations of policy and expediency which forbid a resort to that remedy. It is, of course, a well-understood rule that equity will not interfere to restrain the breach of a contract when the legal remedy of compensatory damages would be complete and adequate.

3, 4.

In the case at bar, appellees, in consideration of the loan by appellant of the money necessary to install the filling station, agreed to purchase their supply of oil and gasoline from appellant at the tank wagon market price fixed by the Standard Oil Company. The terms of the contract are not uncertain. The contract makes no provision for liquidated damages, nor is there provided a right of foreclosure of the mortgage in event of a breach of the contract. There is no standard

5.

358    APPELLATE COURT OF INDIANA,

Nat., etc., Fire Ins. Co. *v.* Minas Furn. Co.—86 Ind. App. 358.

by which appellant's loss which will result from the breach can be measured. Clearly, an action for damages would be inadequate. If appellees are restrained from purchasing oil and gasoline from other parties, the decree being conditioned that appellant supply them with oil and gasoline according to the terms of the contract, the parties will be governed by the contract which they made for themselves. That is as it should be. As supporting the conclusion we have reached, see, *Ferris* v. *American Brewing Co.* (1900), 155 Ind. 539, 58 N. E. 701, 52 L. R. A. 305; *Beck* v. *Indianapolis, etc., Power Co.* (1905), 36 Ind. App. 600, 76 N. E. 312, and cases there cited.

If for any reason the cause is retried, the errors in the exclusion of evidence on the former trial are not likely to occur again, and for that reason are not discussed in this opinion.

Reversed.