## TORREY et al. v. WOLFES et al.

(Court of Appeals of District of Columbia. Submitted May 4, 1925. Decided June 1, 1925.)

### No. 4299.

**1. Covenants ⬤〜1—Injunction ⬤〜62(1)—Restrictive covenant in deed against sale, lease, or conveyance to negro held valid and enforceable in equity.**

Restrictive covenant in deed that land sold would "never be rented, leased, sold, transferred, or conveyed unto any negro or colored person, under penalty of $2,000," held valid and enforceable in equity.

**2. Injunction ⬤〜62(1)—Penalty clause in restrictive covenant of deed held not to preclude enforcement of restrictive feature of covenant in equity.**

Penalty provision in restrictive covenant of deed, whereby purchaser agreed not to rent, lease, sell, transfer, or convey to any negro or colored person, held not to preclude enforcement of restrictive feature of covenant in equity.

Appeal from Supreme Court of District of Columbia.

Action by Daisy B. Wolfes and others against Minnie E. Torrey and another. Decree for plaintiffs, defendants appeal. Affirmed.

Webster Ballinger, of Washington, D. C., for appellants.

R. J. Whiteford, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellees, plaintiffs below, are owners of residences fronting on Randolph Place, Northwest, in the city of Washington. The houses were erected and sold by Middaugh and Shannon, who had acquired title to this property, as well as a large adjoining area. In other words, plaintiffs' property constitutes a portion of an improved addition known as "Middaugh and Shannon Development." Appellant Torrey, one of the defendants, owned a house, the property here in question, fronting on Randolph Place, which was erected and sold by Middaugh and Shannon. All the deeds by Middaugh and Shannon, to the property on Randolph Place, contained the following restriction: "Subject to the covenant that said lots shall never be rented, leased, sold, transferred, or conveyed unto any negro or colored person under a penalty of two thousand dollars, which shall be a lien against said lot."

Defendant Torrey sold the property in question to defendant Ivy, a negro, and executed a deed therefor, which was recorded prior to the bringing of this suit. Plaintiffs pray for a temporary injunction, and on final hearing a perpetual injunction, restraining the defendant from conveying, renting, leasing, or transferring the property in question to any negro or colored person, and for such other and further relief as the nature of the case shall require.

From a decree of the court, issuing an injunction pendente lite, this appeal was taken.

[1] The case turns wholly upon the validity of the covenant in the deed, and the right of the plaintiffs to have it enforced in a court of equity. It is apparent that each of the parties to this action, plaintiffs as well as the defendant Torrey, when they purchased their homes, subjected themselves to the restrictive covenant, not only for their own protection, but upon the assurance that a similar restriction would rest upon all other property embraced in the Middaugh and Shannon Development on Randolph Place. As this court, in Chevy Chase Land Co. v. Poole, 48 App. D. C. 400, where the erection of a store building was enjoined because in violation of representations made by a development company that the land within certain limits would be used exclusively for homes, said: "The purchaser, having submitted to a burden upon his own land with the understanding that a similar burden is to be placed upon the remaining land of the grantor for the common benefit of all, will be relieved from an attempt by the grantor or third party with notice to depart from the general scheme." A similar restriction was upheld by this court in McNeil v. Gary, 40 App. D. C. 397, 46 L. R. A. (N. S.) 1113.

Nor is the contention of appellant that the covenant in question cannot be enforced in equity sound. "Equity enforces contracts and covenants in regard to property entered into between prior grantors and grantees, in regard to the use of the property, especially if common property or property descending from a common source, against subsequent owners affected with actual or constructive notice of such contracts and covenants." Trudeau v. Field, 69 Vt. 446, 450, 38 A. 162, 163. This principal was sustained by this court in the recent case of Corrigan et al. v. Buckley, 55 App. D. C. 30, 299 F. 899. In that case it was ruled that the constitutional right of a negro to acquire, own, and occupy property does not imply the constitutional power to compel sale and conveyance to him of any particular private property. The citizen, whether he be black or white, may refuse to sell his property, or he may sell it under such lawful restrictions as he may see fit to impose. This right of placing restriction upon the use of property is available alike to all citizens, white or black, and a covenant thus placing a restriction upon the use of property is enforceable in equity against a member of the excluded race, whether the person particularly excluded be white or black. We think the Corrigan Case is controlling here.

[2] Nor is the right of the plaintiffs to seek relief in a court of equity affected by the penalty clause in the covenant. The restrictive feature of the covenant can be enforced independent of the penalty. Whether a grantee or grantees of Middaugh and Shannon, the original owners, and who originally inserted this restriction in the deeds, could enforce the penalty, is not important, since no such attempt is here made. The present action rests on the covenant alone, exclusive of the penalty clause. In Watrous v. Allen, 57 Mich. 362, 24 N. W. 104, 58 Am. St. Rep. 363, Cooley, C. J., upholding the jurisdiction of equity to enforce a restrictive covenant in a deed, said: "Those cases in which it is held that the fact that a penalty or forfeiture is imposed for doing a prohibited act is no obstacle to the interposition of equity by injunction, rest on the same principle. French v. Macale, 2 Drury & War. 269; Coles v. Sims, Kay, 56, 5 De

Gex, M. & G. 1; Barret v. Blagrave, 5 Ves. 555; Hardy v. Martin, 1 Cox, 26. So do cases in which specific performance is decreed, notwithstanding the contract provides for stipulated damages. Fox v. Scard, 33 Beav. 327; Howard v. Woodward, 10 Jur. (N. S.) 1123. This is perfectly reasonable and equitable; for the penalty, forfeiture, or fixed damages are only agreed upon to render it more improbable that the act against which they are directed will be committed."

Indeed, it is well settled that the enforcement of a restrictive covenant in a deed will not be impeded by reason of an additional penalty, providing either for damages, forfeiture, or bond for its performance. McMahon v. Williams, 79 Ala. 288; Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. Rep. 464.

The decree is affirmed, with costs.