**CORNISH et al. v. O'DONOGHUE et al.**

Court of Appeals of the District of Columbia. Submitted January 8, 1929. Decided February 4, 1929.

No. 4666.

Wm. E. Leahy, George E. C. Hayes, Ernest J. Davis, all of Washington, D. C., and Louis Marshall, of New York City, for appellants.

Jesse C. Adkins, Frank F. Nesbit, and Lucien H. Mercier, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District of Columbia declaring a conveyance of lot 63, square 3125, property No. 2328 First Street N. W., in this city, from one Thomas A. Grier to appellants, defendants below, Henry A. Cornish and Alyce N. Cornish, void; and enjoining the defendants to remove themselves and their personal property from said premises.

The bill avers, in substance, that the appellees, plaintiffs below, are owners of various designated lots in square 3125, and occupy the same as their residences; that prior to June 26, 1927, one Gruver, was the record owner of lot 63, the house being one of a row of 17 houses which comprised all the

buildings on the west side of First street between Adams and Bryant streets; that these houses were built about the year 1904 by Middaugh and Shannon; and that in 1905 they built 17 more houses on the east side of First street in the same block; that all these houses were sold by Middaugh and Shannon, including the property owned by Gruver, the deeds to which were recorded and contained the following covenant running with the land: "That said lot shall never be rented, leased, sold, transferred, or conveyed unto any negro or colored person under penalty of $2,000, which shall be a lien against said property."

It is further averred in the bill that all the dwellings in block 3125 were occupied and used exclusively as·residences by persons of the Caucasian race, with the exception of the property occupied by the defendants; that on January 26, 1927, Gruver entered into an agreement to sell lot 63 to one Thomas A. Grier, and in the contract of sale it was provided: "It is understood and agreed by both parties that the purchaser, Mr. Thomas A. Grier, is white, and of the Caucasian race, and that he has purchased this property for his own home, and that he will occupy said property himself for his home, and that it is sold subject to the covenants of record; otherwise this contract and sale to become null and void."

This was followed by a deed from Gruver to Thomas A. Grier, conveying the lot in question, which was recorded February 2, 1927, and which contained the covenant here in question. The deed from Grier to Cornish contained the statement that the property was conveyed "subject to the covenants of record."

It is also averred that the defendants Cornish are negroes, or colored persons; that they entered into possession of lot 63 in open violation of the restrictive covenant; and that, because of their acceptance of the conveyance in violation of the covenant, their deed is a nullity and totally void.

The covenant here involved is identical with the covenant contained in Torrey v. Wolfes, 56 App. D. C. 5, 6 F.(2d) 702, where we held it valid and enforceable. Inasmuch as the decision in the Torrey Case, and in Corrigan v. Buckley,. 55 App. D. C. 30, 299 F. 899, and Russell et al. v. Wallace et al., 58 App. D. C. 357, 30 F.(2d) 981 (present term), fully dispose of all the issues here involved, further discussion is deemed unnecessary.

The decree is affirmed, with costs.