## ALFRED W. ABRAHAM v. MARTHA F. STEWART.

*Land contract—Conditions as to building—Deed—Specific performance.*

83   7
108  333

1. A land contract contained a clause requiring the *erection* by the vendee on the premises of a dwelling-house of a specified character and description, to be located a certain distance from the street line, on which street the vendor owned other property. It was also provided that the deed to be executed on performance of the vendee's covenants was to be subject to said house-line and building restrictions, which are held complied with by the vendee by *moving onto the land* a house of

the agreed character and dimensions, and placing the same in the position agreed upon as regards the street line.

2. In such a case the vendor is entitled to have the like conditions inserted in his deed of the premises, and to insist upon their performance so long as they are of any benefit to him or his grantees.

Appeal from Wayne. (Reilly, J.) Argued October 15, 1890. Decided October 31, 1890.

Bill for specific performance of a land contract. Defendant appeals. Decree modified and affirmed. The facts are stated in the opinion.

*Palmer & Palmer,* for complainant, cited no authorities.

*James H. Pound,* for defendant, contended:

1. For a decision upon the question that an old house moved does not come within the terms of a house erected, arising under a mechanics' lien law, counsel cited *Trask v. Searle,* 121 Mass. 229; and also cited *McGary v. People,* 45 N. Y. 153; and otherwise contended for the doctrine stated in the opinion.

GRANT, J. The bill was filed in this cause to compel the specific performance of a contract to convey land. The contract contains the following clauses:

"And that, as part and further consideration of the sale as hereby made, the party of the second part shall, within —— years from date, erect on said lot a suitable dwelling-house at least two stories high, the same to be of not less than eighteen-foot posts and to cost not less than —— dollars; said dwelling to be not less than twenty-feet from the front line of said lot; and, on taking possession of said lot, shall put, keep, and maintain a sufficient fence around said lot. *    *    *    *    *

"And on the performance of all the conditions to be done and performed at the time and manner above mentioned and specified, on the part and behalf of the said party of the second part [complainant], the party of the first part [defendant] agrees to execute, or cause to be executed, to the party of the second part a good and sufficient

warranty deed for the said land; subject, however, to the house-line and building restrictions herein mentioned; to be delivered on the surrender of this duplicate contract."

The price has been paid, a house moved onto the lot and placed upon the house-line, as provided by the contract. Complainant now claims that he has complied with the contract, and that he is entitled to a deed free from any house-line or building restrictions. Decree was entered in accordance with this view, and defendant appeals.

The agreement to erect a house has been complied with by moving onto the premises a house of the dimensions and character specified. It was not necessary to build a new house. The complainant has also complied with the contract in placing the house upon the line agreed upon. If a deed had been given with these restrictions, before the erection of the house no question would arise until the owner of the lot should propose to build otherwise. The building having been erected, is the defendant entitled to have the restrictions expressed in the deed, and thus create a perpetual servitude upon the land? Such restrictions are common, and are sustained by the courts. *Linzee v. Mixer*, 101 Mass. 512; *Peck v. Conway*, 119 Id. 546; *Sanborn v. Rice*, 129 Id. 395. In *Peck v. Conway*, the covenant was that no building should be erected upon the land conveyed, and was held valid. A deed with such restrictions in it as are contained in the contract in the case at bar would not give to the grantee the right to build a house in accordance therewith, and immediately thereafter remove it to the front line of the lot, or to tear it down or remove it from the lot, and erect another building upon the front line. Complainant by his deed can obtain no different or greater rights than

those provided for in the contract. If the intention of the parties is clearly expressed in the contract, courts will enforce it, unless the restrictions or conditions are within How. Stat. § 5562, which provides:

"When any conditions annexed to a grant or conveyance of lands are merely nominal, and evince no intention of actual and substantial benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded," etc.

It would be unreasonable to suppose these parties contracted that, immediately upon the erection of the building, the complainant might move it beyond the line, or that he might erect a dwelling-house of the dimension called for and immediately remove it and erect one thav would not fulfill the terms of the agreement. These conditions may be of actual and substantial benefit to the defendant. It is clear that the deed was to be made subject to them. They are such as she had a right to make as a condition to the grant. It is admitted that the defendant owned other lands upon the street. The intention of such benefits is therefore apparent. It is entirely possible that the time may come when the maintenance of these conditions will be of no benefit to defendant or her grantees. In such case complainant and his grantees would no longer be compelled to maintain them. That is a question for future consideration. Courts will not compel the observance of restrictions and conditions when they have ceased to be of any benefit. We think the defendant entitled to have these rights, under the contract, preserved in her deed. There is no difficulty in finding apt words in which to express them. The agreement to fence, contained in the contract, has been substantially complied with. But the deed was not to be made subject to any agreement to maintain fences in future.

The decree must be modified in accordance with the views above expressed.

Inasmuch as the defendant refused to execute a deed for other reasons than the above, which we regard as unfounded and frivolous, she will not be allowed costs.

CHAMPLIN, C. J., CAHILL and LONG, JJ., concurred. MORSE, J., did not sit.