BURNS *v.* BECKENHAUER.

1. EASEMENTS—OBSTRUCTIONS—INJUNCTION.

Successors to grantees of lakeside property were properly granted injunction against obstruction by successors of grantors who had retained land over which an east-west way of necessity was provided in the deed and a south way therefrom was in existence and referred to in a subsequently attached rider to the deed dated some 27 years previous to erection of obstruction to south way.

2. COVENANTS — INJUNCTION — NOMINAL CONDITIONS — SUBSTANTIAL BENEFIT.

Injunction on defendants' cross-bill against plaintiffs' use of lakeside premises for commercial purposes was properly denied notwithstanding covenant against such use, where no testimony on this issue or on damage to defendant was introduced and it is alleged the property had been used for cottage rental purposes for many years and that defendants' adjoining property had been used for hotel, tavern, and resort purposes, a waiver having been effected, and the statute being applicable which permitted disregard of conditions annexed to a conveyance where the conditions are merely nominal and are of no substantial benefit to the party to whom or in whose favor they are to be performed (CL 1948, § 554.46).

3. SAME—ENFORCEMENT.

Restrictions in a deed which are not, or cease to be, of benefit to the grantor or his grantees will not be enforced (CL 1948, § 554.46).

Appeal from Alcona; Miller (Allan C.), J. Submitted October 5, 1962. (Docket No. 30, Calendar No. 49,519.) Decided December 4, 1962.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17A Am Jur, Easements § 183.
[3] 14 Am Jur, Covenants, Conditions, and Restrictions § 34 *et seq.*

Bill by Charles G. Burns and Vera M. Burns against William C. Beckenhauer and Jeannette Beckenhauer to enjoin obstructing of right-of-way. Cross-bill to enjoin use of property for commercial purposes. Decree for plaintiffs. Defendants appeal. Affirmed.

*J. Russell Hughes,* for plaintiffs.

*Ellis C. Wood,* for defendants.

DETHMERS, J.  The parties hereto own and occupy adjacent lake front properties. Their chains of title trace back to common grantors named Edwin and Margaret Bennett, husband and wife. In the Bennett deed given in 1933 to plaintiffs' predecessor in title there was inserted after the granting clause and before the habendum clause the following language:

"It is expressly agreed that the premises hereby transferred shall be used for private occupancy only; that no buildings to be erected on said lands shall be used otherwise than as a private dwelling house and such outbuildings at the rear of said dwelling as garage, ice house and other structures usually appurtenant to summer resort dwellings;  *  *  *  that no commodities shall be sold or offered for sale upon said premises and no commercial use made thereof; that the 30-foot road at the rear of said lot may be used only in common with the owners of other lots in said subdivision and by the first party, and the guests and licensees of either."

Four months later, before recording, there was also attached to the deed a rider, signed by Mr. Bennett, reading as follows:

"It is further agreed by the grantors, their heirs and assigns, that a reasonable roadway shall be maintained from the public highway, across the premises of said grantors, their heirs and assigns, to the above

described property, permitting unrestricted right-of-way to and from said described property at all times."

At the time that deed was given by Bennetts in 1933 there was a traveled roadway in existence, referred to in the proofs as road "A", representing a way of necessity across the grantors' land, leading from a county highway, on the west side of Bennetts' property, easterly across the property then retained by them to the northwest corner of the property being conveyed by them to plaintiffs' predecessors. The lake abutted that property on the east. There was also a traveled roadway on land retained by Bennetts, referred to in the proofs as road "B", running south from road "A" along the west boundary line of the property conveyed to plaintiffs' predecessors.

Road "B" is the subject matter of this suit. In 1960, defendants erected posts along the south edge of road "A" at the point where it was joined from the south by road "B", thus preventing vehicles coming from the county highway east to plaintiffs' property from turning south on road "B" and gaining access therefrom to plaintiffs' property, and limiting the place of access thereto to the northwest corner of the property where it is contiguous to road "A". This suit was brought to enjoin defendant from thus obstructing use of road "B" as a means of ingress to and egress from plaintiffs' property.

Defendants filed a cross bill charging that plaintiffs were conducting a retail business in a converted barn on their property and using the premises for commercial purposes in violation of the restrictions in the Bennett deed above quoted. This they sought to have enjoined.

From decree for plaintiffs, defendants appeal.

Defendants contend that the language in the deed reading, "the 30-foot road at the rear of said lot may

be used only in common with the owners of other lots" was intended to refer to road "A" and not to road "B". As observed by the trial judge, road "A" is properly to be considered a way of necessity to which plaintiffs and their predecessors would have had the right of use at all events. That right was emphasized by the language in the rider. The parties to the deed could not have thought that there was any necessity for the addition of that rider if they had intended that the language just quoted from the deed as originally given should refer to road "A". It is obvious that 2 different roads were being mentioned, and that road "B" was the one intended by the language quoted in the first sentence of this paragraph. We think the trial court was correct on this point.

The court also declined to enjoin plaintiffs from renting out cottages on their premises and using their barn for retail business purposes. In his opinion the judge planted this on failure of defendants to adduce any proofs on the subject. Defendants say this was unnecessary inasmuch as such use was admitted by plaintiffs in their pleadings. However, commercial use, at least for cottage rental purposes, was acquiesced in for over 30 years by defendants and by their predecessors back to and including Bennetts who had built and used the cabins on what is now plaintiffs' property for rental purposes, all of them, in the meanwhile, having used the property now owned by defendants for hotel, tavern and resort purposes. This worked a waiver, at least, of an all out restriction against commercial use. *Barrie* v. *Smith*, 47 Mich 130. Furthermore, the pleadings contain no admissions by plaintiffs nor do the proofs show that plaintiffs' commercial use of their property is in any way a burden on, or a detriment to, the property of defendants or of any other owners in the vicinity whose title derives from the Bennetts,

that it damages any of them, or that enjoining plaintiffs' commercial use would benefit any of them or their properties. CL 1948, § 554.46 (Stat Ann 1957 Rev § 26.46), provides:

"When any conditions annexed to a grant or conveyance of lands are merely nominal and evince no intention of actual and substantial benefit to the party to whom or in whose favor they are to be performed, they may be wholly disregarded, and a failure to perform the same shall in no case operate as a forfeiture of the lands conveyed subject thereto."

In construing this statute this Court in *Abraham* v. *Stewart*, 83 Mich 7 (21 Am St Rep 585), said, in effect, that when restrictions in a deed are not or cease to be of benefit to the grantor or his grantees they will not be enforced. See, also, *Baxter* v. *Ogooshevitz*, 205 Mich 249. For lack of averments or proofs in that respect the injunction as prayed by defendants-cross-plaintiffs was properly denied here.

Affirmed. Costs to plaintiffs.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.